UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDRES ELOY CONTRERAS GARCIA,

Petitioner(s),

v.

FACILITY ADMINISTRATOR, NORTHWEST ICE PROCESSING CENTER, et al.,

Respondent(s).

CASE NO. C26-4156-KKE

ORDER GRANTING UNOPPOSED HABEAS PETITION

After Petitioner was arrested and detained by United States Immigration and Customs Enforcement officers, he filed a petition for a writ of habeas corpus under 28 U.SC. § 2241. Dkt. No. 1. His petition, filed without the assistance of counsel, argues that his detention is unlawful because it violates his constitutional right to procedural due process. *Id.* ¶ 4. Petitioner requests release from detention. *Id.*

The Court issued a scheduling order on October 28, 2026, instructing Respondents (collectively "the Government") to "show cause why the writ of habeas corpus should not be granted[.]" Dkt. No. 3 at 1. No Respondent has appeared since then. The Court has recently been informed that if no attorney from the United States Attorney's Office ("USAO") appears in an immigration habeas proceeding within seven court days of the issuance of the scheduling order, the Court may assume that no response to the petition will be filed, and the Court should proceed

to adjudicate the merits of the petition. *See* Attachment.[1] Given that seven court days have now passed since issuance of the scheduling order, this appears to be such a case.

"In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal ... we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

Here, Petitioner argued that the failure of process surrounding his arrest and detention warrants his release. *See* Dkt. No. 1. His argument is one that has been accepted by numerous courts in this Circuit, including this one. The Government has full access to the relevant facts concerning Petitioner's detention, yet it has offered no factual or legal basis to rebut his petition. Under these circumstances, "the Court is not duty-bound to go find a reason for them—indeed the party presentation principle requires it to do the opposite." *Charles Alexander Ponzon Deroy v. Warden*, No. 5:26-CV-05972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026). And the Government's failure to oppose the petition constitutes forfeiture of the arguments it *could* have made. *Id.* (citing *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")). Because the Government has declined to appear in this

[1] The Court attaches the October 26, 2026 letter from Mr. Charles Neil Floyd of the USAO setting forth this new policy for purposes of the record. Under the policy, "for the time being, the USAO will continue to review Petitions and scheduling orders as they are filed, will transmit the scheduling order to the appropriate persons at ICE, and will enter AUSA appearances and file returns to specific petitions as the USAO determines appropriate." Attachment A at 2. However, the letter anticipates that after employing this screening process, "there will be many habeas cases in which the USAO will no longer assume responsibility for providing a defense on behalf of the respondents." *Id.*

matter and has presented no defense, the Court construes the habeas petition as intentionally unopposed and finds that the Government has waived any challenge to the arguments raised in the petition. *See Carrillo v. Mullin*, No. 5:26-cv-05229-SK, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026). As numerous other courts have found in such circumstances, the petition should be granted based on the Government's "failure to oppose the primary relief sought." *Ponzon Deroy*, 2026 WL 3132157, *2 ("As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.").

In sum, the Government has failed to meet its burden to show cause why the writ of habeas corpus should not be granted. The Court therefore GRANTS the unopposed petition (Dkt. No. 1) and ORDERS that Petitioner shall be released from detention no later than November 8, 2026. Copies of this order shall be sent by email to the Government addresses provided by the USAO:

ICE OPLA: OPLASeattlefedlit@ice.dhs.gov

ICE ERO: TacomaLEOs@ice.dhs.gov

EOIR: OCIJ.Habeas.Orders@usdoj.gov

Dated this 7th day of November, 2026.

Kymberly K. Evanson
United States District Judge