**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

*Please reply to:*
*Charles Neil Floyd*
*Acting United States Attorney*
*Direct Line: (206) 553-4065*

*Seattle Office:*
*700 Stewart Street, Ste 5220*
*Seattle, WA 98101-1271*
*Tel: (206) 553-7970*
*Fax: (206) 553-0582*
*www.usdoj.gov/usao/waw*

*Tacoma Office:*
*1201 Pacific Ave., Ste 700*
*Tacoma, WA 98402-4305*
*Tel: (253) 428-3800*
*Fax: (253) 428-3826*

October 26, 2026

Honorable David S. Estudillo
Chief United States District Judge
United States District Court
Western District of Washington
United States Courthouse
1717 Pacific Avenue, Suite 4410
Tacoma, WA 98402-3200

Re: AUSA Appearances in Immigration Habeas Corpus Cases

Dear Judge Estudillo:

The U.S. Attorney's Office for the Western District of Washington (USAO) represents United States Immigration and Customs Enforcement (ICE), and ICE employees named in their official capacity, in immigration-related habeas corpus cases filed in the Western District of Washington under 28 U.S.C. § 2241.

General Order No. 08-26 was intended to significantly improve and streamline the resolution of immigration-related habeas petitions ("§ 2241 Immigration Petitions") that are being filed in the Western District of Washington. For the most part, the process has increased the expedition and uniformity with which habeas petitions are being resolved to the benefit of petitioners, the government, and the public interest.

Since the General Order was first issued, however, the influx of § 2241 Immigration Petitions has continued to increase. The large volumes of petitions that are being filed, often copying from other petitions, has severely impacted the government's ability to respond to specific petitions that require appreciable attorney time from the USAO to investigate and analyze. It has also negatively impacted the government's ability to respond to other civil litigation filed against the government in the District.

The USAO for the Western District of Washington reviews all these petitions in response to the Court's issuance of a standard scheduling order, and the USAO determines how to respond on behalf of the government, in the interests of justice.

Entering AUSA appearances in each and every such case, however, often initiates protracted litigation and consumes substantial AUSA time, even after the petitioner has been released or received a bond hearing. For example, AUSAs often are required to prepare and file status reports, supplemental briefing, and oppose EAJA motions. More recently, we have all too frequently been required to respond to motions and orders to show cause stemming from what are often technical violations of the scheduling order.

The USAO unfortunately does not have the available resources, at this juncture, to continue entering AUSA appearances in every one of the dozens of § 2241 Immigration Petitions filed each week. Thus, going forward, in order to conserve resources, there will be many habeas cases in which the USAO will no longer assume responsibility for providing a defense on behalf of the respondents. On the other hand, for the time being, the USAO will continue to review Petitions and scheduling orders as they are filed, will transmit the scheduling order to the appropriate persons at ICE, and will enter AUSA appearances and file returns to specific petitions as the USAO determines appropriate. However, henceforth, if the USAO does not file a Notice of Appearance in a case within seven court days of the issuance of a standard scheduling order, the Court may assume that the USAO will not be filing a response to the Petition and the Court may proceed to rule on the merits of the petition based on the papers filed by the petitioner. In this latter group of cases, the USAO will take no responsibility for facilitating the processing of the case through the District Court nor will it serve as a conduit for communications between the District Court and respondents in the case. That said, the USAO reserves the right to enter an appearance in a case on behalf of the government at any time as it deems necessary.

This change is expected to significantly streamline and expedite the resolution of most habeas petitions, providing more discretion to the District Court. To the extent release orders are issued in such cases, they can be e-mailed by the District Court directly to the Northwest ICE Processing Center, pursuant to the process that has already been established.

Please feel free to contact me if you have any questions.

Very truly yours,

CHARLES FLOYD
Digitally signed by CHARLES FLOYD
Date: 2026.10.26 15:58:27 -07'00'

CHARLES NEIL FLOYD
Acting United States Attorney
Western District of Washington